| | |
|---|---|
| Peter S. Partee, Sr.<br>Robert A. Rich<br>Michael S. Legge<br>**HUNTON ANDREWS KURTH LLP**<br>200 Park Avenue<br>New York, New York 10166<br>(212) 309-1000<br>ppartee@huntonak.com<br>rrich2@huntonak.com<br>mlegge@huntonak.com<br><br>*Proposed Counsel for Debtors and*<br>*Debtors-in-Possession* | Michael P. Richman<br>**STEINHILBER SWANSON LLP**<br>122 West Washington Avenue, Suite 850<br>Madison, Wisconsin 53703-2732<br>(608) 709-5998<br>mrichman@steinhilberswanson.com<br><br>*Proposed Co-Counsel for Debtors and*<br>*Debtors-in-Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:                                                    )<br>                                                           )<br>EMPIRE GENERATING CO, LLC,                                 )<br>                                                           )<br>                          Debtor.                          )<br>Tax I.D. No. 14-1833821                                    ) | Chapter 11<br><br>Case No. 19-23007 (RDD) |
| In re:                                                    )<br>                                                           )<br>EMPIRE GEN HOLDCO, LLC,                                    )<br>                                                           )<br>                          Debtor.                          )<br>Tax I.D. No. 14-1833820                                    ) | Chapter 11<br><br>Case No. 19-23006 (RDD) |
| In re:                                                    )<br>                                                           )<br>EMPIRE GEN HOLDINGS, LLC,                                  )<br>                                                           )<br>                          Debtor.                          )<br>Tax I.D. No. 26-0394849                                    ) | Chapter 11<br><br>Case No. 19-23008 (RDD) |
| In re:                                                    )<br>                                                           )<br>TTK EMPIRE POWER, LLC,                                     )<br>                                                           )<br>                          Debtor.                          )<br>Tax I.D. No. [none]                                        ) | Chapter 11<br><br>Case No. 19-23009 (RDD) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES UNDER FED. R. BANKR. P. 1015(b), (II) WAIVING REQUIREMENTS OF 11 U.S.C. § 342(c)(1), FED. R. BANKR. P. 1005 AND 2002(n), AND (III) AUTHORIZING THE DEBTORS TO FILE MONTHLY OPERATING REPORTS ON A CONSOLIDATING BASIS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby move (the "Motion") for entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, (ii) waiving the requirements that the captions in these chapter 11 cases contain certain identifying information with respect to each Debtor, and (iii) authorizing the filing of monthly operating reports on a consolidating basis, subject to consent of the United States Trustee for Region 2 (the "U.S. Trustee"). In support of this Motion, the Debtors submit the *Declaration of Garrick F. Venteicher (I) in Support of Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration").[1] In further support of the Motion, the Debtors respectfully represent as follows:

### I.    Background

1.    On May 19, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]  Unless otherwise defined herein capitalized terms shall have the meanings ascribed to them in the First Day Declaration.

2. No request for the appointment of a trustee or an examiner has been made in the Chapter 11 Cases and no statutory committees have been appointed or designated.

3. A description of the Debtors' business operations, corporate structure, capital structure, reasons for commencing the Chapter 11 Cases, and the relief sought from this Court to allow for a smooth transition into operations under chapter 11, is set forth in the First Day Declaration, filed contemporaneously with this Motion.

## II.    Jurisdiction, Venue and Predicates for Relief Requested

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C. J.).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The predicates for the relief requested herein are Bankruptcy Rule 1015(b) and section 105 of the Bankruptcy Code.

## III.    Relief Requested

6. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases contain the Debtors' tax identification numbers (if applicable), all other names used by the Debtors within eight years of the filing of the bankruptcy petitions, and address for each Debtor.  As an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose to use a consolidated caption to indicate that any filed pleading relates to the jointly administered bankruptcy cases of the Debtors and to list the names, address, last four (4) digits of the Tax ID number of all of the Debtors (if applicable) in a footnote to each pleading

filed and each notice mailed by the Debtors in these cases. Finally, the Debtors seek authority to file monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees* (the "Operating Guidelines") promulgated by the U.S. Trustee on a consolidating basis if the Debtors determine, with the consent of the U.S. Trustee, that consolidating reports would further administrative economy and efficiency without prejudice to any party-in-interest and that the reports would accurately reflect the Debtors' business operations and financial affairs.

## IV.    Basis for Relief Requested

7.    Bankruptcy Rule 1015(b) provides that: "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates. Fed. R. Bankr. P. 1015(b). Debtor Empire Generating Co, LLC ("Empire Generating") is a wholly-owned subsidiary of Empire Gen Holdco, LLC ("Holdco"). Debtor Holdco is a wholly-owned subsidiary of Empire Gen Holdings, LLC ("Holdings"). Debtor Holdings is a wholly-owned subsidiary of TTK Empire Power, LLC ("TTK Empire"). Accordingly, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code[2] and used in Bankruptcy Rule 1015(b). *See* First Day Declaration ¶ 5 (corporate organizational chart).

8.    Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that

---

[2] Section 101(2) of the Bankruptcy Code defines an "affiliate" as including:

> [B] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2)(B).

4

is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9. It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize joint administration for procedural purposes only. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect all of the Debtors. Joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Chapter 11 Cases.

10. Joint administration also will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to use a single caption on the numerous documents that will be served and filed herein and file the papers in one case rather than in multiple cases. Joint administration will protect parties-in-interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases. Finally, joint administration will ease the burden on the U.S. Trustee in supervising these bankruptcy cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor or other party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has

5

a claim or right, so no prejudice will result from the immediate consideration and entry of orders directing the joint administration of the Debtors' cases.

12. In furtherance of the foregoing, the Debtors request that the official caption of the Chapter 11 Cases be used by all parties in all pleadings in the jointly administered cases as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EMPIRE GENERATING CO, LLC, *et al.*,[1] | ) ) ) | Case No. 19-23007-RDD |
| Debtors. | ) ) ) | (Jointly Administered) |

13. The Debtors submit that the use of this simplified caption, without reference to any other names used during the past eight years and tax identification numbers for each individual debtor, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The Debtors, moreover, propose to consolidate procedurally the Chapter 11 Cases under the chapter 11 case of "Empire Generating Co, LLC" because of its recognizable name to the Debtors' creditor body at large and other parties-in-interest.

14. In addition, the Debtors request that the Court make separate docket entries in each of the Debtors' Chapter 11 Cases (except that of Empire Generating) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Empire Generating Co, LLC (Case No. 19-23007 (RDD)) for procedural purposes only and providing for its joint

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if applicable, are: Empire Generating Co, LLC [3821], Empire Gen Holdco, LLC [3820], Empire Gen Holdings, LLC [4849], and TTK Empire Power, LLC [none]. The Debtors' corporate address is: Empire Generating Co, LLC, c/o Tyr Energy, LLC, 7500 College Blvd., Suite 400, Overland Park, Kansas 66210.

6

administration in accordance with the terms thereof.  The docket in Case No. 19-23007 (RDD) should be consulted for all matters affecting the above listed case.

15. Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n), that the Debtors' caption and other notices mailed in these cases include the Debtors' tax identification numbers and other information relating to the Debtors, is appropriate in these cases.  Inclusion of the Debtors' tax identification numbers, other names used by the Debtors during the eight years prior to filing the bankruptcy petitions, and addresses on each caption is cumbersome and may be confusing to parties-in-interest.  More importantly, a waiver of these information requirements is purely procedural in nature and will not affect the substantive rights of parties-in-interest.

16. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines promulgated by the U.S. Trustee on a consolidating basis if the Debtors determine, with the consent of the U.S. Trustee, that consolidating reports would further administer economy and efficiency in the Chapter 11 Cases without prejudice to any party-in-interest and that the reports would accurately reflect the Debtors' business operations and financial affairs.

### V.    Motion Practice

17. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### VI.    Notice

18. Notice of this Motion will be provided to:  (i) the United States Trustee for Region 2; (ii) each Consenting Lender; (iii) the agent under the Debtors' prepetition secured credit facility; (iv) KPIC USA, LLC; (v) TG TTK Power, LLC; (vi) the creditors holding the

twenty (20) largest unsecured claims against the Debtors' estates, as identified in the Debtors' chapter 11 petitions; (vii) the United States Attorney's Office for the Southern District of New York; (viii) the Internal Revenue Service; (ix) Rensselaer County; (x) the Rensselaer County Industrial Development Agency; (xi) New York State Office of the Attorney General; (xii) Emera Energy Services, Inc.; (xiii) the Federal Energy Regulatory Commission; (xiv) Webster Bank, National Association, and (xv) all parties that have filed a notice of appearance or have requested service in the Chapter 11 Cases.  In light of the nature of the relief requested herein and the potential harm to the Debtors' estates if the relief requested herein is not granted, the Debtors respectfully submit that no other or further notice need be provided.

### VI.    No Prior Request

19.    No prior request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (ii) grant to the Debtors such other and further relief as the Court may deem just or proper.

Dated: May 19, 2019
      New York, New York

Respectfully submitted,

*/s/ Peter S. Partee, Sr.*
Peter S. Partee, Sr.
Robert A. Rich
Michael S. Legge
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000
ppartee@huntonak.com
rrich2@huntonak.com
mlegge@huntonak.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

- and -

Michael P. Richman
**STEINHILBER SWANSON LLP**
122 West Washington Avenue, Suite 850
Madison, Wisconsin 53703-2732
(608) 709-5998
mrichman@steinhilberswanson.com

*Proposed Co-Counsel for Debtors and Debtors-in-Possession*